IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PANTON, | : | |
| | : | Civ. No. 4:07-CV-1835 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| BUREAU OF PRISONS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

November 3, 2008

**BACKGROUND:**

On March 12, 2008, plaintiff Robert Panton, proceeding pro se, filed an amended complaint against defendant, Bureau of Prisons (BOP). In his amended complaint, Panton alleges a cause of action based on the Freedom of Information Act (FOIA). Specifically, Panton requested information regarding the inmate trust fund for United States Penitentiary Allenwood, where Panton is housed. Panton submitted a written FOIA request to the prison September 20, 2005 and has exhausted his administrative remedies. (Rec. Doc. No. 13.)

Before the court is the BOP's Motion to Dismiss or in the Alternative, for Summary Judgment. (Rec. Doc. No. 31.) All supporting and responsive briefs

have been filed, thus the matter is ripe for disposition.

For the following reasons we will grant the BOP's motion for summary judgment.

**STATEMENT OF FACTS**

Taken in the light most favorable to the non-moving party, Panton, the facts are as follows. Plaintiff Robert Panton is a prisoner at USP Allenwood. On September 20, 2005, Panton sent a FOIA request to the BOP. (Rec. Doc. No. 13 at 22-23.) Panton made seven requests for information relating to the inmate trust fund account at USP Allenwood: (1) a compiled file of purchases by USP Allenwood, excluding those items purchased by the commissary to be sold to inmates through the commissary, from the inmate trust fund account from October 1, 2004 through September 1, 2005; (2) holiday bags distributed during Christmas 2004; (3) all items purchased with funds from the inmate trust fund to be used by staff or inmates; (4) regulations regarding spending funds from the inmate trust fund; (5) regulations regarding handling FOIA requests; (6) citations to authority for redactions; and (7) usage of the funds from a $9.10 purchase plaintiff made through the commissary.

According to the affidavit of Vanessa Herbin-Smith, the Supervisory Paralegal Specialist for the BOP responsible for responding to FOIA requests, the

BOP found 14 pages of documents that are responsive to Panton's inquiry regarding purchases from the inmate trust fund. (Rec. Doc. No. 33, Attachment 1 at 2 and 6.) To find those documents, staff at USP Allenwood reviewed the Fund Control database. (Id. at 5.) This database contains trust fund budget activities, and identified where responsive records were located. (Id.) On October 28, 2005, the BOP released all 14 pages to Panton, with some redactions. The BOP cited the statutory basis for the redactions. (Id. at 7.) In May, 2008, while responding to Panton's amended complaint, the BOP realized that it had not responded to his request for BOP regulations regarding handling FOIA requests, and regulations regarding spending funds from the inmate trust fund. The BOP searched the BOP website that contained its regulations and procedures. (Id. at 8.) The BOP found two documents, 'Trust Fund/Warehouse/Laundry Manual' and 'Release of Information.' (Id.) Thus, on May 13, 2008, the BOP sent Panton both documents in their entirety, 57 additional pages of responsive documents. (Id. at 8.) Herbin-Smith avers that no responsive records were withheld.

In his opposing brief, Panton alleges that the search was "intentional[ly] inadequate." (Rec. Doc. No. 34 at 3.) He asserts that correctional staff salaries and contract work payments should have been released to him as well. (Id.) He further stated, "[a] lone paralegal is the most BOP could provide of the adequacy of

search." (Id. at 4.) "This is probably one of the reasons simple FOIA wasn't adequately searched, and may have been done intentionally, and bad faith is the obvious conclusion. (Id.)

**DISCUSSION:**

1. Legal Standard

FOIA cases are generally resolved on summary judgment once the documents at issue have been properly identified. Wickwire Gavin, P.C. v USPS, 356 F.3d 588, 591 (4th Cir. 2004). The standard governing a grant of summary judgment in favor of an agency that claims it has fully discharged its FOIA disclosure obligations is well established. Steinberg v. United States DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994). [T]he agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact. Id. To meet this burden, the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents. Id. The question is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. Id. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. Id. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed,

nonconclusory affidavits submitted in good faith. Id. Furthermore, we note that these affidavits must be "reasonably detailed, setting forth the terms and the type of search performed, and averring that all files likely containing responsive materials (if such records exist) were searched." Western Ctr. for Journalism v IRS, 116 F.Supp.2d 1, 8 (D.C. Cir. 2000).

    2.  Analysis

The BOP has shown, through the affidavit of Herbin-Smith that it "conducted a search reasonably calculated to uncover all relevant documents." See Steinberg, 23 F.3d at 551. Herbin-Smith searched the database containing trust fund activities to locate documents pertaining to trust fund purchases. She also searched the BOP website containing its policies and regulations, and was able to find the policies Panton requested. It is this court's position that the search was conducted in a reasonable manner to locate responsive documents, for it did in fact locate responsive documents[1]. Herbin-Smith's affidavit explained the type of search performed, and avers that no responsive documents were withheld. Because

---

[1] The court would be remiss not to point out that one of Panton's requests was not answered. Panton had requested an accounting of the funds from a $9.10 purchase he had made. However, Panton does not raise this issue in either his amended complaint nor his responsive brief. Thus, because Panton does not pursue the issue of this comparatively minute amount of the inmate trust fund, and because tracking this particular $9.10 is uncertain, we do not believe it would be possible to account for.

the search performed was adequate, the BOP has fully discharged it's FOIA obligations.  See Steinberg, 23 F.3d at 551.  Therefore, we will grant defendant BOP's motion for summary judgment.

 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PANTON, | : | |
| | : | Civ. No. 4:07-CV-1835 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| BUREAU OF PRISONS, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

November 3, 2008

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendant Bureau of Prison's Motion for Summary Judgment is GRANTED.  (Rec. Doc. No. 31.)

2.  Final judgment is entered in favor of defendant and against plaintiff.

3.  The clerk is directed to close the case file.

 s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge